IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 8, 2001

## RODERICK D. COBB v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-20203     Chris Craft, Judge**

─────────────

**No. W1999-00655-CCA-R3-CD  - Filed June 8, 2001**

─────────────

The issue raised in this appeal is whether the trial court properly denied the Appellant/Petitioner's post-conviction petition?  After a review of the record in this cause, the briefs of the parties and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. DAVID H. WELLES, J., not participating.

Brett B. Stein, Memphis, Tennessee, for the appellant, Roderick D. Cobb.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and Elaine Sanders, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

HISTORICAL BACKGROUND

Petitioner, Roderick Cobb, appeals as of right from the Shelby County Criminal Court's denial of his post-conviction relief petition from his conviction of murder first degree for which he is presently serving an effective sentence of life without parole.  Petitioner contends that his plea of guilty was not knowingly and voluntarily entered in that he felt threatened by a Shelby County deputy jailer.

In December 1996, Petitioner was indicted for the premeditated murder of Sherry Goodman, a Shelby County Deputy, in August 1996.  The trial court appointed Mr. William D. Massey to represent Petitioner in this cause.  Petitioner proceeded to trial in August 1997, in which the State was seeking the death penalty.  The guilty plea transcript reflects that close to the end of the State's proof in chief, Petitioner elected to plead guilty to murder first degree and that a sentence of life without parole would be imposed.

In seeking the death penalty, the State was relying on three aggravating circumstances, to wit; (1) the victim was a law enforcement officer or peace officer in the performance of her duties; (2) the killing or murder was done while the defendant was in custody; and (3) the murder was for the purpose of avoiding lawful arrest and prosecution of the matter that he was arrested on at the time of the murder. It was the theory of the State, that Petitioner had been arrested for some unrelated crime and while being transported by Deputy Goodman to the county jail, he shot and killed her while in the squad car. In accepting the plea of guilty by the trial court, the State relied on all of the testimony that had been heard up to the entry of the plea. The State advised the trial court it would call as its last witness, Dr. O. C. Smith, Assistant Shelby County Medical Examiner, who would have testified that Deputy Goodman died from two gunshot wounds. Deputy Goodman died as the result of the first shot to the back of her head and it was Dr. Smith's opinion this shot originated from the back of the passenger compartment of the squad car. As to the second shot, Dr. Smith would testify that Deputy Goodman was shot in the left cheek while laying on the passenger seat. Petitioner was standing directly outside the passenger window firing down through the glass and striking Deputy Goodman. Petitioner stipulated a factual basis for a plea was present, coupled with the proposed testimony of Dr. Smith.

Prior to running of the statute of limitations for post-conviction proceedings in August 1998, Petitioner filed a petition for post-conviction relief with the Shelby County Criminal Court Clerk alleging: (1) denial of effective assistance of counsel; (2) the conviction was based upon the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant; and (3) other grounds. After a preliminary review, the trial court appointed Mr. Brett Stein to represent Petitioner. On June 18, 1999, Petitioner filed an amended petition enlarging on the claim of ineffective assistance of counsel in that his court appointed counsel failed to properly investigate the case to substantiate Petitioner's theory that the homicide was the result of a drive by shooting by another party.

## EVIDENTIARY HEARING

Petitioner commenced his testimony by stating as to why Mr. Massey, his court appointed attorney, failed to adequately represent him. Apparently, it was Petitioner's theory that some other person killed Deputy Goodman in a drive by shooting. Petitioner stated Mr. Massey could have brought up issues in the courtroom -- I was threatened during my stay in the jail. As to the facts of the case, Petitioner testified:

> "If I hadn't been threatened or anything like that, then probably could have proceeded with trial as planned, with no problem. But with me being threatened and other issues being brought up, I didn't feel like I had no chance. I just did what they wanted me to do. They wanted me to sign papers; I signed papers."

Under further direct questioning, Petitioner testified that Mr. Massey did investigate the case, and talked to him about his defense theory of a drive by shooting. Also, Mr. Massey kept him informed of the results of the investigation and even filed a motion to suppress his statements made

to the police. In conclusion, Petitioner stated he did not plead guilty because he was afraid of getting the death penalty, he was afraid of being killed while in the county jail.

During cross-examination, Petitioner identified a deputy jailer by the name of J. Q. Irvin as the one who threatened him. Petitioner stated he told his investigator, Ron Lex, about the threats. Petitioner acknowledged that Mr. Massey and the investigator contacted the deputy's office about these alleged threats and tried to get the matter taken care of. Also, Petitioner testified that he never told anybody he wanted to go ahead and plead guilty because he was scared to be in the jail. When questioned about his guilty plea before the trial court, Petitioner acknowledged he was asked about the voluntary entry of his plea, the quality of his attorney's representation, and his right to continue on with the trial. He did not tell the sentencing judge of the threats because he felt there was nothing the judge could have done. Also, Petitioner stated he did not answer the judge's questions entirely truthfully. Likewise, Petitioner agreed he did not allege any question concerning the voluntary entry of his plea in the petition for post-conviction relief.

At the conclusion of Petitioner's testimony, the trial court granted the State's motion to dismiss the petition. The trial court found Petitioner failed to prove his allegations as contained in the petition for post-conviction relief. As to Petitioner's guilty plea, the trial court could not, based on Petitioner's testimony, determine if Petitioner lied at the evidentiary hearing or at the guilty plea proceedings.

## LEGAL ANALYSIS

Petitioner asserts that the trial court, by virtue of its authority to assure the interests of justice, and to prevent the appearance of any impropriety, should have issued a subpoena to cause the deputy jailer who alleged to have coerced Petitioner into pleading guilty, to appear at the continued hearing for the purpose of questioning as to the said allegations. The State counters that the trial court properly denied the petition for relief since Petitioner failed to prove by clear and convincing evidence that his guilty plea was not entered voluntarily and knowingly.

Because this petition was filed in 1998, it is governed by the provisions of the 1995 Post-Conviction Procedure Act. Accordingly, Petitioner bears the burden of establishing, at the evidentiary hearing, his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hicks v. State,* 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). This court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Id. See Fields v. State,* 40 S.W.3d 450 (Tenn. 2001).

We agree with the trial court's findings of fact and conclusions of law that Petitioner had totally failed to meet his burden of ineffective assistance of counsel on the part of his appointed counsel. Although the petition alleges ineffective assistance of counsel, Petitioner's own testimony does not support such complaint.

Tennessee Code Annotated § 40-30-204(d) provides:

> The petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all such claims are included.

Petitioner's original petition for relief nor its amendment raised an allegation as to the involuntariness of the Petitioner's plea of guilty. Notwithstanding this omission, the trial court heard testimony from the Petitioner as to why he entered a plea of guilty. In its findings of fact, the trial court found that, other than the bald assertion of the Petitioner that he had been threatened, there was no other evidence to support this allegation. Further, Petitioner lied to the trial court at the guilty plea proceedings and failed to advise the judge of any threats. The trial court found Petitioner's testimony less than credible.

When the accused opts to plead guilty, the plea must be voluntarily, understandingly, and knowingly entered to pass constitutional muster. *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274 (1969). In Tennessee, a plea must be made voluntarily and with full understanding of its consequences. *Hicks v. State,* 983 S.W.2d at 246; *State v. Neal,* 810 S.W.2d 131, 134-35 (Tenn. 1991). Entry of a guilty plea constitutes a waiver of constitutional rights including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury, or as in this case, to complete an on-going trial. *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1714.

In determining whether a plea of guilty was voluntarily, understandingly, and intelligently entered, this Court, like the trial court, must consider all of the relevant circumstances that existed when the plea was entered. *State v. Turner,* 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). Tenn. R. Crim. P. 11 and our supreme court's decisions in *State v. Mackey,* 553 S.W.2d 337 (Tenn. 1977), and *State v. McClintock,* 732 S.W.2d 268 (Tenn. 1987), control the guilty plea process in Tennessee. Trial courts are required to adhere substantially to the procedure prescribed in the rule. A submission hearing transcript must establish on its face that the trial court substantially complied with the requirements of Rule 11, *Boykin v. Alabama,* and the teachings of *Mackey* and *McClintock. Hicks v. State,* 983 S.W.2d at 247.

From our review of the guilty plea proceedings in this record, the trial court throughly, substantially, and overwhelming complied with the mandates of Rule 11, and the requirements of *Mackey* and *McClintock.* Also, the trial court meticulously went over with Petitioner the negotiated plea agreement papers setting forth Petitioner's trial rights and the consequences of entering a plea of guilty.

Petitioner asserts that in all fairness, the trial court should have exercised its inherent power to summon the alleged deputy to ascertain the validity of any threats that might have induced an involuntary plea of guilt. However, Petitioner fails to cite any authority for such process. It would seem if any fault lies, it rests with Petitioner. Certainly, if Petitioner had any complaint about the

voluntariness of his plea, he should have alleged the same in this petition. Thus, Petitioner could have presented proof in support of such allegation. We find no merit to this issue.

## CONCLUSION

The evidence in this record overwhelming supports the post-conviction court's findings. Petitioner received effective assistance of counsel and entered his guilty plea intelligently, knowingly, and voluntarily. We affirm the post-conviction court's denial of Petitioner's request for post-conviction relief.

_____
L. TERRY LAFFERTY, SENIOR JUDGE